HANOVER ESTATES, INC., Plaintiff, *v.* SAMUEL BRESLER et al., Defendants.

City Court of the City of New York, Special Term, New York County, June 12, 1945.

*Samuel Bitterman* for plaintiff.

*Marcus Rosenthal* for defendants.

McCULLEN, J. This is an action by a landlord against two individuals who guaranteed performance by the tenant of all of the terms of a lease between plaintiff, as landlord, and a certain corporation as tenant. The rent provided in the lease and demanded in this action is in excess of the so-called emergency rent permissible under the Commercial Rent Law (L. 1945, ch. 3). The defendants have pleaded that statute as a defense to this action. Plaintiff contends that the statute is not available to these defendants as they are not the tenants under the lease, but merely guaranteed performance by the tenant.

That contention seems to me to be without merit. The guarantors are not required to pay anything more than the tenant himself is required by law to pay. By the terms of the statute, the rent owing under the lease is the emergency rent and not the rent for which the parties contracted. Like their principal, the guarantors are liable only for the emergency rent.

It is a bizarre notion that they could be liable for more. If the landlord's contention in this connection were to be sustained, a way would be open to all landlords to circumvent the statute. It would only be necessary for them to require tenants

to procure guarantors and to refuse to lease unless the lease were accompanied by a guaranty.

The statute is predicated upon and was necessitated by the shortage of commercial space, which shortage, as the Legislature found, created an emergency and rendered freedom of contract impossible. That freedom would not be restored if landlords were able to insist upon a guaranty which would insure their receipt of oppressive rentals against which the statute was enacted.

The answer to plaintiff's contention is simply this, that any stipulation in a lease or any instrument accompanying it for the payment of a rental in excess of that allowed by law, is, as to the excess, invalid and of no effect.

The motion of plaintiff, under rule 109 of the Rules of Civil Practice, to strike out the second to the sixth defenses, inclusive, is denied.

Order signed.